UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| SHARMAINE MALLET, ET AL | : |
| VERSUS | :   CIVIL ACTION NO.: 6:19-CV-00427 |
| OFFICER JASON GEANS, ET AL | :   JUDGE SUMMERHAYS, <br>    MAG. JUDGE HANNA |

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

## ANSWER

NOW INTO COURT, through undersigned counsel, come OFFICER JASON GEANS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; OFFICER JAMES MITCHELL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; OFFICER LOGAN DUPLECHIEN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; and the CITY OF CARENCRO, sought to be made defendants herein, who aver as follows:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In the further alternative, and subject to the allegations hereinabove set forth, defendants answer the allegations of the Petition for Damages as follows:

1.

The allegations contained in paragraph 1, including subparts a. through d. therein, of the original Petition for Damages are admitted.

2.

The allegations contained in paragraph 2 of the original Petition for Damages are denied for lack of information to justify a belief therein.

3.

The allegations contained in paragraph 3 of the original Petition for Damages are denied for lack of information to justify a belief therein.

4.

The allegations contained in paragraph 4 of the original Petition for Damages are denied.

5.

The allegations contained in paragraph 5 of the original Petition for Damages are denied.

6.

The allegations contained in paragraph 6 of the original Petition for Damages are denied.

7.

The allegations contained in paragraph 7 of the original Petition for Damages are denied.

8.

The allegations contained in paragraph 8 of the original Petition for Damages are denied.

9.

The allegations contained in paragraph 9 of the original Petition for Damages are denied.

10.

The allegations contained in paragraph 10 of the original Petition for Damages are denied.

11.

The allegations contained in paragraph 11 of the original Petition for Damages are denied.

12.

The allegations contained in paragraph 12 of the original Petition for Damages are denied.

13.

The allegations contained in paragraph 13 of the original Petition for Damages are denied.

14.

The allegations contained in paragraph 14 of the original Petition for Damages are denied.

15.

The allegations contained in paragraph 15 of the original Petition for Damages are denied.

16.

The allegations contained in paragraph 16 of the original Petition for Damages are denied.

17.

The allegations contained in paragraph 17 of the original Petition for Damages are denied.

18.

The allegations contained in paragraph 18 of the original Petition for Damages are denied.

19.

The allegations contained in the "WHEREFORE" paragraph of the original Petition for Damages are denied.

AND NOW, and further answering in the alternative, the defendants, OFFICER JASON GEANS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; OFFICER JAMES MITCHELL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; OFFICER LOGAN DUPLECHIEN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; and the CITY OF CARENCRO, affirmatively plead as follows.

### THIRD DEFENSE

The alleged accident or incident and the alleged damages of plaintiffs, if any, were not caused by any fault, negligence, and/or liability attributable to OFFICER JASON GEANS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; OFFICER JAMES MITCHELL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; OFFICER LOGAN DUPLECHIEN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; and the CITY OF CARENCRO but instead were caused by or can be imputed to the fault and/or negligence of plaintiffs or their decedent (Nathaniel McCoy, Sr.) in the following non-exclusive particulars:

(a) Decedent failed to do what should have been done;

(b) Decedent failed to see what should have been seen;

(c) Decedent failed to act as a reasonable person under the circumstances;

(d) Decedent failed to exercise due care for his own safety;

(e) Decedent failed to follow lawful police orders, arrests, or detentions;

    (f)    Decedent failed to stop his resistance;

    (g)    Decedent failed to avoid his own injury;

    (h)    Any other acts and/or omissions which may be shown at the trial of this matter.

FOURTH DEFENSE

The defendants, OFFICER JASON GEANS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; OFFICER JAMES MITCHELL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; OFFICER LOGAN DUPLECHIEN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; and the CITY OF CARENCRO, do specifically aver that they were in no way guilty of any negligence, fault or strict liability which could be considered a proximate cause of the accident or damages alleged by the plaintiffs and that no negligence, fault or strict liability can be imputed to them.

FIFTH DEFENSE

The defendants, OFFICER JASON GEANS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; OFFICER JAMES MITCHELL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; OFFICER LOGAN DUPLECHIEN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; and the CITY OF CARENCRO, would aver that the proximate cause of the accident and/or damages alleged by the plaintiffs resulted and/or can be imputed to the fault of a third person and/or victim or decedent's fault.

SIXTH DEFENSE

The defendants, OFFICER JASON GEANS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; OFFICER JAMES MITCHELL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; OFFICER LOGAN DUPLECHIEN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; and the CITY OF CARENCRO, would aver that the plaintiffs were themselves guilty and/or can be imputed with comparative negligence/assumption of the risk, which comparative negligence/assumption of the risk is a complete bar to the recovery of the plaintiffs and/or in the alternative that the plaintiffs failed to mitigate their damages and/or that their damages should be reduced by the percentage of comparative negligence attributable to them and/or imputed to them.

SEVENTH DEFENSE

The defendants specifically aver any and all affirmative defenses specifically enumerated in Louisiana Code of Civil Procedure Article 1005 which are applicable to this case and/or any and all other affirmative defenses recognized by this jurisprudence, and these are pled herein as if copied herein *in extenso* to the extent they apply; and specifically, La. R.S. 9:2800 (public body immunity); La. R.S. 9:2800.10 (felony perpetrator); La. R.S. 9:2800.19 (use of force in certain crimes); La. R.S. 9:2792.4 (political subdivision immunity); La. R.S. 9:2798.1 (public official immunity); La. R.S. 13:5105; La. R.S. 13:5106; La. R.S. 13:5112; La. R.S. 42:1441 (political subdivision immunity), *et seq.*; La. R.S. 28:53 L (law enforcement emergency certificate

immunity); La. R.S. 28:63 D (protective custody and confinement immunity); and La. C.Cr.P. art. 201-232 as to any specific state law claims, if applicable.

## EIGHTH DEFENSE

The defendants would also plead the defenses of prescription; unavoidable accident; aggressor doctrine; emergency doctrine; compromise; write-offs and credits, including those recognized by *Hoffman vs. 21st Century North America Insurance*, 2014-2279 (La. 10/2/15), 2015 WL 5776131; lack of mitigation of damages; absolute, discretionary and/or qualified immunity pursuant to *Heather Lehman, et al vs. Cheryl M. Leichliter, et al*, No. 07-30405, ____ F.3d _____ (5th Cir. 5/27/08); good faith; probable cause; public duty doctrine; assumption of the risk; contribution; and/or lack of liability pursuant to *Monell vs. Department of Social Services*, 436 U. S. 658 (1978).

## NINTH DEFENSE

The defendants specifically plead a credit or set-off for any liability of any and all other defendants or potential defendants in this matter as of the date of judgment and with regard to any and all insurance proceeds collectible as a result of that liability.

## TENTH DEFENSE

The defendants would also aver that the plaintiffs should not recover for any payments, injuries or damages which result from pre-existing or subsequent conditions which were not proximately caused by this accident or incident. Defendants cannot be held liable for such damages to the extent they were sustained in other accidents or incidents.

## ELEVENTH DEFENSE

Defendants aver that if plaintiffs' suit is found to be frivolous under 42 U.S.C. § 1983, defendants would thereby be entitled, under U.S.C. § 1988, to their attorney's fees, expert fees, and costs they have and will incur in defending this action through Rule 50 or 52(c) motion pursuant to the Federal Rules of Civil Procedure and/or through trial and specifically request the Court to leave the note of evidence open in this case so that evidence of all attorney's fees and costs may be submitted to this Court.

## TWELFTH DEFENSE

Defendants plead the limitation on legal interest and court costs in accordance with La. R.S. 13:5112 as to any specific state law claims.

## THIRTEENTH DEFENSE

Louisiana Code of Civil Procedure article 863 is pled herein in order to recover sanctions, attorney's fees, and costs should the allegations of any state law cause of action be found to be unfounded, uninvestigated or frivolous as to any specific state law claims.

## FOURTEENTH DEFENSE

Plaintiffs may not recover punitive damages or penalties against the defendants sued in their official capacity and cannot recover due to defendants' inability to pay.

## FIFTEENTH DEFENSE

In the event, and solely in the event, that the defendants sued in their individual capacity are found liable for punitive damages or penalties, all of which is at all times specifically denied, defendants aver that plaintiffs' claims for punitive damages against defendants are barred by the

equal protection, excess fines, due process, and cruel and unusual punishment clauses of the United States and Louisiana constitutions and, as such, are null and void.

## SIXTEENTH DEFENSE

Defendants deny liability for any award of punitive, penalty or exemplary damages, because under the current rules governing discovery and trial practices, current evidentiary rules, and current vague substantive standards, such an award would violate the defendants' rights under U. S. Const. art. I, §§ 8, 9, 10, amendments IV, V, VI, VIII and XIV.  In particular, defendants deny liability for exemplary damages because:

- There is no standard of sufficient clarity to guide the jury in determining whether to award exemplary damages, or the amount of punitive or exemplary damages to be awarded;

- The jury is not instructed on the limits on punitive or exemplary damages imposed by the applicable principles of deterrence and punishment;

- The jury is not expressly prohibited from awarding punitive or exemplary damages, or from determining the amount of an award of punitive or exemplary damages, in whole or in part, on the basis of discriminatory characteristics such as defendants' wealth;

- The jury does not receive sufficient instruction to avoid awarding excessive and disproportionate punitive or exemplary damages;

- The standard for determining liability or punitive or exemplary damages is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive or exemplary damages permissible;

- The jury is permitted to award punitive or exemplary damages on the decision of only ten jurors, rather than a unanimous vote;

- The award of punitive or exemplary damages is not subject to judicial review based on objective standards.

SEVENTEENTH DEFENSE

Defendants, OFFICER JASON GEANS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; OFFICER JAMES MITCHELL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; OFFICER LOGAN DUPLECHIEN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; and the CITY OF CARENCRO, affirmatively assert that the plaintiffs have no right to recover for any amounts written off or contractually adjusted by any health care provider because of that provider's receipt of Medicare and/or Medicaid payments for plaintiffs' medical treatment.

EIGHTEENTH DEFENSE

It is further affirmatively pled that the plaintiffs have no right of action to recover any amounts paid by Medicare and/or Medicaid as the rights to recover those payments have been assigned by them and by operation of law to Medicare and/or Medicaid.

NINETEENTH DEFENSE

Defendants further affirmatively assert that if any payments were made by Medicaid or if any medical treatment was provided by any state medical or health care provider or if any medical treatment was paid for by any state agency or department that any right to recover those payments or any obligation created on the part of these defendants for those payments or treatments have been extinguished by confusion.

TWENTIETH DEFENSE

Plaintiffs are not entitled to legal interest against defendants.

TWENTY-FIRST DEFENSE

It is affirmatively averred that the plaintiffs have or may have received payments of medical expenses under a policy or policies of health, accident, workers' compensation, or medical and/or hospitalization insurance, Medicare or Medicaid benefits, and/or at a charity hospital and have subrogated their rights and/or claims for payment of said expenses to the person, firm, corporation, or other legal entity issuing a policy or extending such benefits and, therefore, have no right of action against these defendants for the amounts so paid.

TWENTY-SECOND DEFENSE

The defendants would also plead the defenses of qualified immunity pursuant to *Moresi v. State of Louisiana, Through the Department of Wildlife and Fisheries, et al.*, 567 So.2d 1081 (La. 1990) to all claims for violations of the Louisiana State Constitution of 1974, including but not limited to claims under LSA - Const. Art. I § 2, LSA - Const. Art. I § 5, and LSA - Const. Art. I § 20. Government officials are entitled to qualified immunity when performing discretionary functions. *McManus v. State of La., Dep't of Wildlife and Fisheries*, 09-1158 (La.App. 3 Cir. 3/10/10), 33 So.3d 412, writ denied, 10-816 (La. 6/18/10), 38 So.3d 323; *Jackson v. State of La., Dep't of Corrs.*, 00-2882 (La. 5/15/01), 785 So.2d 803.

TWENTY-THIRD DEFENSE

Plaintiffs have failed to join decedent's other minor child, a son, Nathaniel McCoy, Jr., a necessary and indispensable party within the meaning of FRCP 19, as more fully explained in defendants' Motion to Require Joinder filed this date.

## TWENTY-FOURTH DEFENSE

OFFICER JASON GEANS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; OFFICER JAMES MITCHELL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; OFFICER LOGAN DUPLECHIEN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; and the CITY OF CARENCRO reserve their right to amend this answer at any time prior to trial or within the appropriate delays as the Court may fix to assert other affirmative defenses which may be discovered to be applicable in this matter.

WHEREFORE, premises considered, the defendants, OFFICER JASON GEANS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; OFFICER JAMES MITCHELL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; OFFICER LOGAN DUPLECHIEN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; and the CITY OF CARENCRO, pray that this answer be deemed good and sufficient and after all legal delays and due proceedings are had, that there be judgment rendered herein in favor of the defendants, OFFICER JASON GEANS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; OFFICER JAMES MITCHELL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; OFFICER LOGAN DUPLECHIEN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; and the CITY OF CARENCRO, and

against the plaintiffs, Sharmaine Mallet, on behalf of her minor child, Brianna McCoy, at the plaintiffs' costs.

    AND FOR ALL GENERAL AND EQUITABLE RELIEF, ETC.

        BORNE, WILKES & RABALAIS, L.L.C.


        BY:       s/Joy C. Rabalais
            JOY C. RABALAIS (26476), T.A.
            KYLE N. CHOATE (33524)
            H. EDWARD BAROUSSE, III (28310)
            200 West Congress Street, Suite 1000
            Post Office Box 4305
            Lafayette, Louisiana 70502-4305
            Telephone: (337) 232-1604 Ext. 232
            Facsimile: (337) 232-1837
            E-mail: rabalais@bornewilkes.com

        ATTORNEYS FOR OFFICER JASON GEANS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; OFFICER JAMES MITCHELL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; OFFICER LOGAN DUPLECHIEN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF CARENCRO; AND THE CITY OF CARENCRO

<u>CERTIFICATE</u>

  I HEREBY CERTIFY that on April 10, 2019, a copy of the foregoing Answer was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Peter Dudley and Christopher Shows by operation of the court's electronic filing system.  I also certify that I have this date mailed by United States Postal Service this filing to the following non-CM/ECF participant, L. Richard Roy, III.

            <u>  s/Joy C. Rabalais  </u>
            JOY C. RABALAIS (Bar Roll #26476)
            BORNE, WILKES & RABALAIS, L.L.C.
              Attorney for Defendants