UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SHARMAINE MALLET ON BEHALF OF HER MINOR CHILD, B.M. | CIVIL ACTION NO. 6:19-cv-00427 |
| VERSUS | JUDGE SUMMERHAYS |
| OFFICER JASON GEANS, ET AL. | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Pending before the court is the motion to dismiss for failure to join a party, which was filed by the defendants, the City of Carencro, and Carencro police officers Jason Geans, James Mitchell, and Logan Duplechien. (Rec. Doc. 6). Also pending is the defendants' motion for joinder of a party and consolidation of actions. (Rec. Doc. 17). Both motions were referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the earlier motion (Rec. Doc. 6) should be denied and that the later motion (Rec. Doc. 17) should be granted in part and denied in part.

## Background

This is a survival and wrongful death lawsuit, which was brought by Sharmaine Mallet on behalf of her minor child, B.M. In her petition for damages,

the plaintiff alleged that her child's father, Nathaniel McCoy, died on June 13, 2018 after being tasered by the defendant Carencro city police officers. She sued the three police officers in their individual and official capacities, and she also sued the City of Carencro, alleging that Mr. McCoy died as a result of the force employed by the officers in attempting to take him into custody. The plaintiff asserted claims under 42 U.S.C. § 1983, contending that the officers used excessive force and that they were not properly trained in the use of tasers, resulting in the improper use of tasers during this incident.

The defendants responded to the petition by removing the matter to federal court and then filing their motion to dismiss for failure to join an indispensable party (Rec. Doc. 6). In support of that motion, the defendants argued that B.M. is not the decedent's only surviving child. They submitted a copy of the decedent's obituary,[1] which states that the decedent was also survived by a son, N.M., Jr. The defendants argued that, without N.M., Jr. in the suit, the court cannot provide complete relief to the plaintiff (on behalf of her minor daughter) since Louisiana law gives both surviving children an equal interest in any survival action or wrongful death action damages that might ultimately be recovered and requires that both children pursue their claims in a single lawsuit. The defendants argued that N.M., Jr. must be added

---

[1] Rec. Doc. 6-3.

as a defendant in order for there to be a fair and complete resolution of the disputes at issue. The plaintiffs opposed the motion, arguing that N.M., Jr. had not actually been determined to be the decedent's son.

Oral argument was held on June 13, 2019. Following discussion, ruling on the motion to dismiss for failure to join an indispensable party (Rec. Doc. 6) was deferred pending communication by the parties with counsel for N.M., Jr.

Although the original motion had not yet been resolved and remained pending, the defendants then filed a "reurged" motion for joinder under Fed. R. Civ. P. 19. (Rec. Doc. 17). By filing that motion, the defendants sought to have Kateland Anderson, on behalf of her minor child N.M., Jr., joined as a plaintiff in this lawsuit. The defendants alleged that Ms. Anderson had filed a lawsuit in Louisiana state court on behalf of her minor son, seeking to recover for his father's alleged wrongful death. The defendants submitted copies of Ms. Anderson's original and amended petitions, which show that she sued the Town of Carencro, the Carencro police chief, and Carencro police officers Jamie Mitchell, Jason Jeans,[2] and Logan Duplechien.[3] Thus, Ms. Anderson sued the same defendants named in this lawsuit plus the Carencro police chief. Her original petition was filed the day before oral argument was held in this court on the defendant's motion to dismiss, and her amended petition

---

[2] This Court assumes that Jason Jeans and Jason Geans are actually the same person.

[3] Rec. Docs. 18, 19.

3

was filed the day after. The primary difference between Ms. Anderson's suit and this one is that she did not assert any federal-law claims. The underlying facts alleged in the two suits, however, are the same.

In their later motion, the defendants did not reiterate their request for dismissal of this lawsuit on the basis that Ms. Anderson had not been joined as a party on behalf of her minor child. Instead, they sought an order requiring her to be joined as a party to this suit and consolidating her state-court lawsuit with this one. In their briefing, the defendants represented that their later motion was not opposed; the deadline elapsed for opposing the motion, and no opposition brief was filed.

To confirm the representations of the parties, this Court ordered counsel for Ms. Mallet and Ms. Anderson to submit notices stating whether they opposed Ms. Anderson being joined as a plaintiff in this lawsuit. (Rec. Doc. 23). Both Ms. Mallet (Rec. Doc. 24) and Ms. Anderson (Rec. Doc. 25) filed notices indicating that they do not oppose Ms. Anderson being joined as a plaintiff in this suit.

## Law and Analysis

### A.   The Applicable Legal Standards

"Federal Rule of Civil Procedure 19 directs federal courts to join 'required' parties when feasible."[4] A party is "required" under the rule if "in that person's

---

[4]   *Moss v. Princip*, 913 F.3d 508, 515 (5th Cir. 2019).

Case 6:19-cv-00427-RRS-PJH Document 26 Filed 08/28/19 Page 5 of 11 PageID #: 165

absence, the court cannot accord complete relief among existing parties" or "disposing of the action in the person's absence may. . . impair or impede the person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. . . ."[5] Thus, Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue. It also provides for the dismissal of the suit if it should not proceed without parties who cannot be joined.[6]

Determining whether to dismiss a case for failure to join an indispensable party requires a two-step inquiry.[7] First, the court must determine whether a party should be added under the requirements of Rule 19(a); then the court must determine whether litigation can be properly pursued without the absent party under Rule 19(b).[8] The party advocating joinder has the initial burden of demonstrating that a missing party is necessary, but if an initial evaluation of the facts indicates that a

---

[5] Fed. R. Civ. P. 19.

[6] *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003).

[7] *Hood ex rel. Mississippi v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009); *August v. Boyd Gaming Corp.*, 135 Fed. App'x 731, 732 (5th Cir. 2005).

[8] *August v. Boyd Gaming Corp.*, 135 F. App'x at 732.

5

possibly necessary party is absent, the burden of disputing the initial appraisal falls on the party that opposes joinder.[9]

Under Rule 19(a)(1)(A), a party that is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if the court cannot accord complete relief among the existing parties. Since subject-matter jurisdiction over this lawsuit is premised on a federal question rather than diversity of citizenship, the addition of any other children of the decedent as plaintiffs in the litigation would not destroy diversity or impair the court's subject-matter jurisdiction.

Rule 19(a)(1) does not require the joinder of every person who might potentially be liable to the plaintiff in a lawsuit. Instead, it requires a determination of whether the court can, in the absence of the party sought to be joined, "accord complete relief among *existing* parties."[10] A court's decision to dismiss for failure to join a party is discretionary, and should be based on a consideration of the various harms that the parties and absentees might suffer.[11]

---

[9] *Hood ex rel. Mississippi v. City of Memphis*, 570 F.3d at 628; *Pulitzer–Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 2006).

[10] Fed. R. Civ. P. 12(a)(1)(A) (emphasis added).

[11] *Pulitzer-Polster v. Pulitzer*, 784 F.2d at 1309.

## B. The Decedent's Children are Required Parties

Under Louisiana law, survival and wrongful deaths actions are statutorily created remedies in tort exclusively available to certain beneficiaries listed in the statutes.[12] The statutes "provide a ranking of beneficiaries, designated by classes according to relationship to the deceased, of those persons to whom the right to recover under survival and wrongful death actions belong, respectively. Any beneficiaries belonging to a higher classification possess the sole right to maintain the cause of action, and they exclude all other beneficiaries belonging to all lower classifications."[13] When a decedent is survived by children but not a spouse, the children recover to the exclusion of all others.[14] But the law creates no preference for one child over another; instead, all surviving children of the decedent are entitled to recover. "The child with a biological connection to the tort victim. . . has the right to bring an action for wrongful death and survival damages."[15] Therefore, in a case where only two of the decedent's ten surviving children initiated the lawsuit, the other eight children were arguably indispensable parties, in whose absence the action

---

[12] Louisiana Civil Code Article 2315.1 (survival actions); Louisiana Civil Code Article 2315.2 (wrongful death actions).

[13] *Succession of Theobald*, 18-241 (La. App. 5 Cir. 12/27/18), 263 So.3d 960, 965.

[14] Louisiana Civil Code Article 2315.1 (survival actions); Louisiana Civil Code Article 2315.2 (wrongful death actions).

[15] *Etcher v. Neumann*, 2000-2282 (La. App. 1 Cir. 12/28/01), 806 So.2d 826, 839, writ denied, 2002-0905 (La. 05/31/02), 817 So.2d 105.

7

should not have proceeded.[16] In the event that "other parties not currently joined in this lawsuit be found to be the children or spouse of the decedent, it is indisputable that they must be joined as parties to this action"[17] because "the wrongful death and survival claims are a single cause of action belonging jointly to all survivors of the decedent who are entitled by statute to damages."[18] In such a case, the court does have the power, under Rules 17 and 19 of the Federal Rules of Civil Procedure, to order those parties joined.[19] Alternatively, under Rule 17, a next friend can be appointed to act on behalf of a child if the child's legal representative in unable to act or refuses to do so.

Based on the foregoing analysis, this Court finds that, in this case, all of the decedent's children should be joined as parties in a single lawsuit in order for there to be a fair and complete resolution of the dispute at issue, as required by Louisiana law. However, dismissal of this lawsuit would not foster the goal of having all of the decedent's children litigate their claims in a single lawsuit; instead, dismissal of this suit would impede Ms. Mallet's efforts on behalf of her child. A forced joinder

---

[16] *Hinson v. The Glen Oak Retirement System*, 37,550 (La. App. 2 Cir. 08/20/03), 853 So.2d 726, 728 n. 2, *writ denied*, 2003-2835 (La. 12/19/03), 861 So.2d 572.

[17] *Greer v. Tran*, No. 02-3145, 2004 WL 60315, at *4 (E.D. La. Jan. 9, 2004).

[18] *Rodriguez v. Philip Morris, Inc.*, No. 98-1632, 2000 WL 798432, at *1 (E.D. La. June 20, 2000).

[19] See, e.g., *Rice v. Cornerstone Hospital of West Monroe*, No. 13-0362, 2013 WL 3557913 (W.D. La. July 11, 2013).

8

of Ms. Anderson as a party in this lawsuit would not be an ideal solution either, because it would deprive her of her right to select the forum in which to bring her claim.[20] However, Ms. Anderson has no objection to being made a plaintiff in this litigation (Rec. Doc. 25), and the court would have supplemental jurisdiction over her state-law claims if she were joined as a party to this suit. This Court does not have the authority to consolidate this federal-court lawsuit with the pending state-court lawsuit,[21] but this Court does have authority, under Fed. R. Civ. P. 19(a)(2) to join Ms. Anderson as a party to this lawsuit. Doing so would protect the rights of both minor children from being prejudiced. Louisiana law requires that all potential beneficiaries who might be awarded damages for the decedent's allegedly wrongful death must assert their claims in a single proceeding. The most equitable way to satisfy that requirement and join the claims of the two minor children is to require Ms. Anderson (on behalf of her minor child) to be made a plaintiff in this lawsuit so that her claim and that of Ms. Mallet (on behalf of her minor child) can be litigated and ultimately resolved. While this would result in Ms. Anderson being deprived of her chosen forum, this Court, in balancing the interests of the parties, finds that the

---

[20] See *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) ("[P]laintiffs are ordinarily allowed to select whatever forum they consider most advantageous.").

[21] *Versata Software, Inc. v. Ameriprise Financial, Inc.*, No. A-14-CA-12-SS, 2014 WL 950065, at *6 (W.D. Tex. Mar. 11, 2014)

9

goal of preventing prejudice to the minor children outweighs any concern about Ms. Anderson's choice of forum.

## Conclusion

For the reasons stated above,

IT IS RECOMMENDED that the defendants' motion to dismiss for failure to join a party under Fed. R. Civ. P. 19 (Rec. Doc. 6) is DENIED.

IT IS FURTHER RECOMMENDED that the defendants' motion for joinder and for consolidation (Rec. Doc. 17) should be GRANTED IN PART and DENIED IN PART.  More particularly, it is recommended that the motion should be granted to the extent that the defendants seek to have Kateland Anderson (on behalf of her minor child N.M., Jr.) joined as a plaintiff in this lawsuit, but it is recommended that the motion be denied to the extent that it seeks to have this lawsuit consolidated with the state-court action initiated by Ms. Anderson in the 15th Judicial District Court, Lafayette Parish, Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[22]

Signed at Lafayette, Louisiana, this 28th day of August 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[22] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).