UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**SHARMAINE MALLET**　　　　　　　　　　CASE NO. 6:19-CV-00427

**VERSUS**　　　　　　　　　　　　　　　　JUDGE SUMMERHAYS

**JASON GEANS ET AL**　　　　　　　　　　MAGISTRATE JUDGE HANNA

## MEMORANDUM RULING

The present matter before the Court in this § 1983 case is a Motion to Dismiss Penalty, Punitive, or Exemplary Damages [Doc. 4] filed by defendants Jason Geans, James Mitchell, Logan Duplechien, and the City of Carencro. As explained below, this motion is GRANTED in part and DENIED in part.

## I.
### BACKGROUND

This is a survival and wrongful death lawsuit brought by Sharmaine Mallet on behalf of her minor child, B.M., alleging that the child's father died after an encounter with City of Carencro police officers. Plaintiffs allege that at approximately 10:30 pm on June 13, 2018, Officers Jason Geans, James Mitchell, and Logan Duplechien of the Carencro Police Department responded to a disturbance call. According to Plaintiffs, the officers encountered Nathaniel McCoy, "naked, incoherent and obviously in an altered mental state."[1] Plaintiffs allege that the three officers took McCoy into custody and placed handcuffs on his wrists and ankles.[2] Plaintiffs allege that the officers tasered McCoy while taking him into custody.[3] Plaintiffs further allege that, after McCoy

---

[1] Complaint at ¶ 5 [Doc. 1-2].

[2] *Id.* at ¶ 6.

[3] *Id.* at ¶¶ 7, 10.

was restrained, the officers left him "laying face down in the grass" even though he was "unconscious and unresponsive."[4] Plaintiffs allege that the officers "delayed and/or completely failed to call an ambulance even though [McCoy] had been tasered multiple times and was unconscious and unresponsive."[5]

Plaintiffs assert claims under 42 U.S.C. § 1983 and state law, contending that Officers Geans, Mitchell, and Duplechien used excessive force and that they were not properly trained in the use of tasers, resulting in the improper use of tasers during this incident. Plaintiffs also name the City of Carencro (the "City") as a defendant on the grounds that the City is "vicariously liable for the misconduct and/or improper training" of the three defendant officers.[6] Plaintiffs seek damages for physical and mental pain and suffering, "loss of life," and medical costs, as well as punitive damages and attorney's fees.[7] This case was initially filed in the 15th JDC, Lafayette Parish, Louisiana, and was subsequently removed. After removal, the Court granted leave join an additional plaintiff.[8] In the present motion, Defendants seek dismissal of Plaintiffs' punitive damage claims.

## II.
### STANDARD OF REVIEW

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable clam. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon

---

[4] *Id.* at ¶¶ 8, 9.
[5] *Id.* at ¶ 10.
[6] *Id.* at ¶ 15.
[7] *Id.* at ¶¶ 16-18.
[8] *See* Doc. 29.

those facts." *Id.* at 161–62. When deciding a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a district court generally "must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000). However, "the court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir.1994); *see also Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir.2005).

## III.
### ANALYSIS

Defendants contend Plaintiffs' claims for punitive damages must be dismissed, arguing: (1) such damages are unavailable against a municipality in a § 1983 action; (2) such damages are unavailable against the defendant officers in a § 1983 action; and (3) such damages are unavailable as to any of the defendants with regard to Plaintiff's state law claims. [Doc. No. 4-1].

As to Plaintiffs' claims for punitive damages under § 1983 against the City of Carencro, the City argues that the claims are barred under *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). The Court agrees that the punitive damages claims under § 1983 are barred by *City of Newport. Id.*; *see also Skyy v. City of Arlington*, 712 Fed.Appx. 396, 401 (5th Cir. 2017) ("When this circuit has had occasion to address the issue of punitive damages against a municipality we have faithfully applied *City of Newport*, rejecting attempts to impose punitive damages for constitutional and other violations where Congress has not expressed a clear intention to do so."). Defendants' motion to dismiss is therefore granted with respect to the City.

Officers Geans, Mitchell, and Duplechien, argue that the punitive damages claims asserted against them in their official capacity under § 1983 are similarly barred. The Court agrees. A suit against a public official in his or her *official* capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent."[9] *Id.* (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n. 55 (1978)). Accordingly, just as punitive damages are unavailable from a municipality, they are likewise unavailable from an official sued in his or her official capacity. *Id.* at 167 n.13. Accordingly, punitive damages are unavailable against the three officer defendants to the extent that they are based on actions taken in their official capacity. *See, e.g., Lopez v. Billiot*, No. 09–0250, 2009 WL 1605297, at *3 (W.D. La. June 8, 2009). Defendants' motion to dismiss is also granted in this respect.

Plaintiffs, however, argue that they have also asserted punitive damages against Officers Geans, Mitchell, and Duplechien in their *personal* capacity. Defendants' motion appears to request dismissal of all the punitive damages claims against the three officer defendants without distinguishing between claims brought against the defendant officers in their personal capacity versus their official capacity. A suit against a public official in his or her *personal* capacity seeks "to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In this context, punitive damages are available to remedy intentional or reckless violations of civil rights. *Smith v. Wade*, 461 U.S. 30, 56 (1983); *see also Graham* at 167 n.13. Punitive damages are warranted "when the defendant's

---

[9] "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all other respects other than name, to be treated as a suit against the entity." *Graham* at 166.

conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith* at 56. Here, Plaintiffs allege the defendant officers left McCoy "laying face down in the grass" after he was taken into custody even though he was "unconscious and unresponsive."[10] Plaintiffs further allege that the officers "delayed and/or completely failed to call an ambulance even though [McCoy] had been tasered multiple times and was unconscious and unresponsive."[11] These allegations are sufficient to state punitive damages claims against the defendant officers in their personal capacity for purposes of Defendants' motion to dismiss. Defendants' motion is therefore denied with respect to these claims.

Finally, as to Plaintiffs' claims brought pursuant to state law, Louisiana law prohibits "punitive or other 'penalty' damages . . . unless expressly authorized by statute." *International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La. 1988); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 75 (1991). As Plaintiffs have identified no Louisiana statutory provision authorizing an award of punitive damages for their state law claims, they cannot recover punitive damages for those claims as a matter of law.

### IV.
#### CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Penalty, Punitive, or Exemplary Damages [Doc. No. 4] is **GRANTED** in part and **DENIED** in part as follows: Plaintiffs' claims for punitive damages asserted under 42 U.S.C. § 1983 against the City of Carencro are **DISMISSED WITH PREJUDICE**; Plaintiffs' claims for punitive damages under § 1983 against Officers Jason Geans, James Mitchell, and Logan Duplechien in their official

---

[10] *Id.* at ¶¶ 8, 9.
[11] *Id.* at ¶ 10.

capacity are **DISMISSED WITH PREJUDICE**; and Plaintiffs' claims for punitive damages against all Defendants pursuant to Louisiana state law are **DISMISSED WITH PREJUDICE**; the Motion is **DENIED** to the extent that it seeks dismissal of punitive damages under § 1983 against Officers Jason Geans, James Mitchell, and Logan Duplechien in their personal capacity.

THUS DONE AND SIGNED in Chambers on this ___3rd___ day of February, 2020.

```
                                    ROBERT R. SUMMERHAYS
                                    UNITED STATES DISTRICT JUDGE
```