UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SHARMAINE MALLET, ET AL. | CIVIL ACTION NO. 6:19-cv-00427 |
| VERSUS | JUDGE SUMMERHAYS |
| JASON GEANS, ET AL. | MAGISTRATE JUDGE HANNA |

### MEMORANDUM RULING

Pending before this Court is the defendants' motion to limit discovery to the issue of qualified immunity. (Rec. Doc. 41). The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is denied.

### Background

The plaintiffs alleged that the defendant police officers used excessive force in arresting Nathaniel McCoy, Sr., who died in custody after having been tasered several times. The plaintiffs asserted claims under 42 U.S.C. 1983 and also under Louisiana state law. When they answered the plaintiffs' petitions, the defendants asserted the defense of qualified immunity. They now seek to limit discovery to the issue of qualified immunity.

### Law and Analysis

"Qualified immunity protects government officials from civil liability in their individual capacity to the extent that their conduct does not violate clearly

established statutory or constitutional rights."[1] When a defendant asserts qualified immunity, the plaintiff must show that he has pleaded "facts which, if true, would overcome the defense of qualified immunity."[2] To do so, the plaintiff must show (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.[3] For a right to be clearly established, it must be beyond debate that the defendant's actions were unconstitutional at the time they were taken.[4]

Although "[t]he generic pleading requirements of FED.R.CIV.P. 8 govern suits against individual defendants in their official capacity," the Fifth Circuit has clarified that "[p]laintiffs suing governmental officials in their individual capacities… must allege specific conduct giving rise to a constitutional violation."[5] "The plaintiff must allege specific facts giving rise to a constitutional violation" rather than making "conclusional assertions."[6]

---

[1]   *Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016).

[2]   *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014).

[3]   *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).

[4]   *McCoy v. Alamu*, 950 F.3d 226, 233 (5th Cir. 2020).

[5]   *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citing *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999)).

[6]   *Oliver v. Scott*, 276 F.3d at 741 (citing *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996)).

The protection afforded by qualified immunity applies to the lawsuit itself, and not merely to liability, and thus the issue should be resolved as early as possible in the litigation.[7] Therefore, the Fifth Circuit has held that

> [t]he district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts.[8]

This Court finds that the plaintiffs presented enough factual detail in their petitions to raise a genuine issue as to the illegality of defendants' conduct, even in light of the Fifth Circuit's recent ruling in *Cooper v. Flaig*,[9] which was cited by the defendants in support of their motion. This Court concludes that there are factual issues that preclude an ability to rule on the qualified immunity defense without further clarification. Although the court may rule in favor of the defendants should a well-supported motion for summary judgment be filed, there is no basis for limiting discovery solely to the issue of qualified immunity at this time.

Qualified immunity is only applicable as a protective shield once a plaintiff has made out a constitutional-violation claim against an official acting in his

---

[7] *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994).

[8] *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995).

[9] 779 Fed. App'x 269 (5th Cir. 2019), cert. denied, 2020 WL 3405859 ( June 22, 2020).

individual capacity.[10] In this case, the plaintiffs asserted individual-capacity claims under Section 1983 against Carencro Police Chief David Anderson and police officers Jason Geans, James Mitchell, and Logan Duplechien, but they also asserted official capacity claims against those same persons, which are not subject to the qualified immunity defense.[11] The plaintiffs also asserted claims against the City of Carencro, which are not subject to the qualified immunity defense.[12] The plaintiffs also asserted state law claims, which may not be subject to the qualified immunity defense. Consequently, with regard to their state law claims, official capacity claims, and the claims against the City of Carencro, the plaintiffs are entitled to conduct discovery to the full extent allowable under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

A party asserting qualified immunity is not immune from all discovery – only that which is avoidable or overly broad.[13] This Court finds that the constitutional claims asserted in this lawsuit are so intertwined with the other claims to which qualified immunity cannot be asserted as a defense that discovery is neither

---

[10]   *Goodman v. Harris County*, 571 F.3d 388, 396 (5th Cir. 2009).

[11]   See *Renfroe v. Parker*, 974 F.3d 594 (5th Cir. 2020); *Sanders-Burns v. City of Plano*, 594 F.3d 366, 371 (5th Cir. 2010) (stating that qualified immunity is "a defense that is only relevant to individual capacity claims.").

[12]   *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999).

[13]   *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 994 (5th Cir. 1995); *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987).

avoidable nor overly broad. Furthermore, narrowing the scope of discovery to the issue of qualified immunity would impede the goal of judicial economy by essentially requiring two discovery tracks rather than one. Additionally, the defendants did not provide this Court with a specific road map for how discovery might be limited. They failed to suggest what areas of inquiry should be shielded from discovery or which persons should not be deposed at this stage of the litigation. But this appears to be a very fact-intensive matter. Indeed, excessive force cases are necessarily fact-intensive and depend upon the particular facts and circumstances presented.[14] Here, the plaintiffs provided a rough outline of the relevant facts in their petitions and greater detail was set forth by the defendants in support of their motion. Discovering exactly what happened during the incident that led to Mr. McCoy's death is critically important – not only to the issue of qualified immunity but with regard to all of the claims asserted by the plaintiffs. The plaintiffs and the defendants should have an opportunity to conduct appropriate discovery to ascertain the relevant facts. Additionally, Mr. McCoy's medical records – not just those from the night he died but also those establishing any preexisting conditions that he might have had – will be critically important to the claims and defenses asserted in this lawsuit. Quickly discovering what is in his records is a goal that should not be impeded. The

---

[14] *Poole v. City of Shreveport*, 691 F.3d 624, 628 (5th Cir. 2012).

plaintiffs also asserted a claim based on the training that the police officers received. The policies and manuals of the training agencies are relevant as well as the records related to the officers' training and their testimony in that regard. Protecting those records from discovery would be unfair. Because the plaintiffs alleged that Mr. McCoy died because he was tasered, the officers' training in the use of tasers and the manufacturers' instructions and warning on the use of tasers is relevant and discoverable.

Finally, this Court finds that any cost or inconvenience to the defendants resulting from the duty to respond to the plaintiffs' discovery requests would not be unduly burdensome, onerous, or costly and would instead be proportional to the needs of the case.

## Conclusion

For the foregoing reasons,

IT IS ORDERED that the defendants' motion to limit discovery to the issue of entitlement to qualified immunity (Rec. Doc. 41) is DENIED.

Signed at Lafayette, Louisiana, this 15th day of October 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE